[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2007
THOMAS K. KAHN
CLERK

No. 05-12770

D.C. Docket No. 04-00066-CV-AR-S

CHARLES IRVIN LITTLETON, JR.,

Plaintiff-Appellant,

versus

WAL-MART STORES, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Alabama

**(May 11, 2007)**

Before BIRCH and BLACK, Circuit Judges, and MILLS,[*] District Judge.

PER CURIAM:

---

[*]Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

Charles Irvin Littleton, Jr. appeals the district court's order granting Wal-Mart Store, Inc. summary judgment on his failure-to-hire disability discrimination claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112, 12132. Littleton claims that the district court erred in finding that he was not disabled under the ADA because his permanent condition of mental retardation limits one or more of his major life activities, namely (1) learning, (2) thinking, (3) communicating, (4) social interaction, and (5) working. We assume the parties' familiarity with the facts and procedural history of this case.

## I. BACKGROUND

On appeal, Littleton claims that there is at least a genuine issue of material fact tending to show that his mental retardation substantially limited him as to certain major life activities. Regarding the major life activities of learning, thinking, communicating and social interaction, Littleton contends that the district court failed to consider the following evidence in the light most favorable to him: (1) testimony from his job coach and mother concerning his limited ability to think and communicate; (2) Wal-Mart personnel manager Marlene Barcanic's awareness of Littleton's limitations and need for assistance during the interview process; (3) observations of Wal-Mart interviewers that Littleton displayed poor interpersonal skills and a lack of enthusiasm about the job; and (4) his deposition testimony, which

showed that he had limited cognitive abilities and difficulty navigating the interview process. Based on these factors, Littleton argues that a reasonable jury could infer that he is disabled under the ADA.

Charles Irvin Littleton, Jr. is a 29-year old man who was diagnosed with mental retardation as a young child. Littleton receives social security benefits because of his disability and lives at home with his mother. He graduated from high school in 1994 with a certificate in special education. Throughout his working life, Littleton has been a client of various state agencies and public service organizations. He was referred to Carolyn Agee, an employment coordinator with the Alabama Independent Living Center. They attempted to secure employment for Littleton as a cart-push associate with a Wal-Mart Store in Leeds, Alabama. Littleton claims that Barcanic, the personnel manager at that store, initially said that Agee could accompany him in the interview. Upon arrival at the store, however, Agee was not allowed to accompany Littleton in the interview. The interview did not go well and Littleton was not offered a position.

## II. DISCUSSION

"We review de novo a district court's ruling on summary judgment, applying the same legal standards as the district court." Matthews v. Crosby, 480 F.3d 1265, 1268 (11th Cir. 2007) (citation omitted). The Court views the evidence in the light

most favorable to the nonmoving party.  Id. at 1269.  Summary judgment is appropriate if the evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

To establish a prima facie case of disability discrimination under the ADA, a plaintiff must show (1) that he has a disability; (2) he is a qualified individual; and (3) he was discriminated against because of his disability.  See Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1193 (11th Cir. 2004).  If Littleton establishes a prima facie case, a presumption of discrimination arises and the burden shifts to Wal-Mart to proffer a legitimate, non-discriminatory reason for the employment action.  Id.  If Wal-Mart meets its burden, then Littleton must show that the proffered reason is a pretext for discrimination.  Id.

The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(2).  To prove that he is disabled due to an impairment, a plaintiff must prove that the impairment, as personally suffered by him, substantially limits a major life activity.  See Pritchard v. Southern Co. Services, 92 F.3d 1130, 1132 (11th Cir. 1996) (citing 29 C.F.R. § 1630.2(j) (App.)).  Under the "regarded as" prong of

4

section 12102(2)(c), an individual is "disabled" if his employer perceives him as having an ADA-qualifying disability. See Carruthers v. BSA Advertising, Inc., 357 F.3d 1213, 1216 (11th Cir. 2004).

Littleton asserts that: (1) he is substantially limited in the major life activities of learning, thinking, communicating, social interaction and working; and (2) Wal-Mart perceived him as being substantially limited in working, communicating, and social interaction. Courts look to the ADA's implementing regulations to determine the functions that qualify as "major life activities." We are mindful that the Supreme Court has stated that the term "disability" is to be "interpreted strictly to create a demanding standard for qualifying as disabled." See Carruthers, 357 F.3d at 1216 (quoting Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 197 (2002)). The regulations provide that mental retardation qualifies as a "mental impairment." See 29 C.F.R. § 1630.2(h)(2). Major life activities include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." See 29 C.F.R. § 1630.2(i). This court has not determined whether thinking, communicating and social interaction constitute "major life activities" under the ADA.

In his appellate brief Littleton asserts that the district court did not consider evidence pertaining to limitations on his ability to think and communicate. After

reviewing the record, however, we conclude that Littleton failed to argue before the district court that there were any limitations on his ability to think and communicate, nor did he contend he was substantially limited as to any other alleged major life activity. This is true even though Wal-Mart asserted that it was entitled to summary judgment because Littleton could not establish a prima facie case under the ADA, in that he was unable to show he was substantially limited in any major life activity. Because Littleton produced no evidence on this point, the district court properly concluded that "Wal-Mart is entitled to judgment as a matter of law here because there is no evidence to support Littleton's necessary contention that his retardation substantially limits him in one or more major life activities." See, e.g., Williams, 534 U.S. at 195 ("Merely having an impairment does not make one disabled for purposes of the ADA. Claimants also need to demonstrate that the impairment limits a major life activity.").

We generally do not consider issues that were not raised before the district court. See Narey v. Dean, 32 F.3d 1521, 1526-27 (11th Cir. 1994). Even if the issue was properly raised, we conclude that Wal-Mart is still entitled to summary judgment because Littleton has failed to produce any evidence that his mental impairment substantially limited any major life activities.

As for the major life activity of working, "[t]he term substantially limits means

significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." See 29 C.F.R. § 1630.2(j)(3)(i). Littleton, his mother and Agee all testified that there are no jobs he cannot perform because of any alleged disability. Accordingly, Littleton has not shown that he is substantially limited in this major life activity.

"Learning" is also a major life activity, see 29 C.F.R. § 1630.2(i), so we must determine whether there is a genuine issue of material fact regarding whether Littleton's ability to learn is substantially limited by his mental retardation. Wal-Mart acknowledges that Littleton's mental retardation is a permanent condition, which is a factor that courts consider in determining whether an individual is substantially limited in a major life activity. See 29 C.F.R. § 1630.2(j)(2)(ii)–(iii). After graduating from high school with a certificate in special education, Littleton attended a technical college and majored in mechanical maintenance. The record shows that Littleton is able to read and comprehend and is able to perform various types of jobs. It is apparent that Littleton is somewhat limited in his ability to learn because of his mental retardation. However, he has pointed to no evidence which would create a genuine issue of material fact regarding whether he was substantially limited in the

major life activity of learning because of his mental retardation.

It is unclear whether thinking, communicating and social interaction are "major life activities" under the ADA. We acknowledge that a review of Littleton's deposition testimony is not inconsistent with his assertion that he sometimes has difficulty thinking or communicating. Even if thinking and communicating are major life activities, however, Littleton has not shown that he is substantially limited in those activities. As Wal-Mart contends, moreover, the fact that Littleton drives a car might be determined to be inconsistent with his assertion that his abilities to think and learn are substantially limited. Additionally, Littleton's mother and Agee testified that Littleton is capable of being interviewed for a job without any accommodation, is "very verbal," and would not need a job coach to communicate effectively with other people in the workforce. This bolsters Wal-Mart's contention that any difficulty Littleton has with communicating does not appear to be a substantial limitation.

We do not doubt that Littleton has certain limitations because of his mental retardation. In order to qualify as "disabled" under the ADA, however, Littleton has the burden of proving that he actually is, is perceived to be, or has a record of being substantially limited as to "major life activities" under the ADA. 42 U.S.C. §§ 12102(2)(A), 12112(a), 12132; see also Hilburn v. Murata Electronics North America, Inc., 181 F.3d 1220, 1227 (11th Cir. 1997). Assuming that thinking,

communicating and social interaction are "major life activities" under the ADA, we conclude that Littleton has failed to create a genuine issue of material fact that he is substantially limited in those pursuits. Thus he has failed to assert a prima facie case of discrimination under the ADA.

We **AFFIRM** the district court's entry of summary judgment in favor of Wal-Mart.